UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 04-cr-00514-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5. GREGORY BESTER,

    Defendant.

_____

**ORDER**
_____

THIS MATTER comes before the Court on the Defendant's *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (docket #2001), filed January 21, 2010. Initially, I note that on August 25, 2009, this case was transferred to me upon the resignation of District Judge Edward W. Nottingham.

Upon receipt of the pending *pro se* motion, I appointed CJA counsel to represent the Defendant in this matter. Additionally, I ordered counsel for the Defendant and the Government to file a response with the Court indicating whether the Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Both defense counsel and the Government filed responses with the Court indicating that the Defendant is not eligible for a sentence reduction. Specifically, counsel for the Government and defense counsel reviewed the Defendant's file and confirmed that in 2008, the Defendant filed a similar motion for a sentence reduction pursuant to 28 U.S.C. § 3582(c)(2) citing amendments to the crack cocaine guidelines (docket #1643). In 2008, Judge

Nottingham denied Defendant's motion, noting his sentence was based upon a mandatory minimum of 120 months.  (*See* docket #1396).

I agree with Judge Nottingham's previous ruling that the Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence.  *See United States v. Novey*, 78 F.3d 1483, 1486 (10th Cir. 1996); *See* § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another. . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").  After carefully reviewing the above-captioned case and the pleadings submitted by the Defendant, defense counsel and the Government, I find that the Defendant's *pro se* motion for a sentence reduction should be denied.

Accordingly, it is

ORDERED that Defendant's *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), (docket #2001), is **DENIED** for the reasons stated in this Order.

Dated:  April 12, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge